UNITED STATES v. SEE HO HOW.

(District Court, N. D. California. April 6, 1900.)

No. 3,793.

DEPORTATION OF CHINESE PERSON—JUDGMENT OF COMMISSIONER—TIME FOR APPEAL.

Under the act of congress of September 13, 1888 (25 Stat. 476), § 13, providing that a Chinese person convicted before a commissioner of being unlawfully within the United States may, "within 10 days from such conviction, appeal to the judge of the district court," a notice of appeal served 13 days after a judgment of conviction is without force, and gives the appellate court no jurisdiction of the case.

Bert Schlesinger, for appellant.
M. B. Woodworth, Asst. U. S. Atty.

DE HAVEN, District Judge. This is an appeal by the defendant, who is a Chinese person, from a judgment of deportation, rendered by a United States commissioner. The notice of appeal was served and filed 13 days after the rendition of the judgment. Section 13 of the act of September 13, 1888 (25 Stat. 476), provides that when a Chinese person is brought before a commissioner of the United States upon a charge of being unlawfully within the United States, and is convicted, he may, "within ten days from such conviction, appeal to the judge of the district court for the district." The statute, in so far as it fixes the time within which the appeal may be taken, must be regarded as mandatory, and an appeal not taken within the prescribed time is ineffectual for any purpose.

When a statute prescribes the time within which an officer shall perform an official act in the interest of the public, the act may be held legal, although not performed within the specified time, when there are no negative words in the statute, and the required act is one which may be done after the prescribed time, and still accomplish the general object and purpose of the law; but there is a distinction between such a statute and one which confers a privilege upon a private person upon performance by him of some act within a specified time. Statutes of the latter character are more strictly construed, and it is incumbent upon a person claiming a privilege thereunder to show that he has fully complied with all of the conditions of the law and within the time prescribed. A statute giving the right to appeal belongs to the class just mentioned, and it is uniformly held that an appeal not taken within the time designated therein is without force, and gives to the appellate court no jurisdiction of the particular case. The defendant having lost his right of appeal, the only remedy remaining to him, if any he has, is to apply for his discharge upon a writ of habeas corpus. The appeal is dismissed.